**BILL–CHARLES PROPERTIES, Inc., a corporation, Appellant,**

v.

**M. S. GINN & COMPANY, Inc., a corporation, Appellee.**

No. 1630.

Municipal Court of Appeals for the District of Columbia.

Argued May 9, 1955.

Decided June 1, 1955.

Mark P. Friedlander, Washington, D. C., for appellant.

Andrew A. Lipscomb, Washington, D. C., with whom Geoffrey Creyke, Jr., and Robert M. Gray, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Plaintiff below, who is appellant here, sued for three months' rent alleged to be due by appellee under a written lease of a store building in Virginia. Appellee filed numerous defenses, denying it was a tenant under any lease, and alleging that a certain "Indenture of Lease" between the parties had been cancelled and terminated. Thereafter appellee filed a further defense asserting that the lease agreement in question had been cancelled and rescinded by the Circuit Court of the County of Arlington, Virginia.

The record before us does not make clear what evidence was offered or what transpired at the trial of the instant case, other than that testimony of experts was received as to the storage value of the premises in question. The trial court in a memorandum opinion ruled that rent could not be recovered under the rental contract, as it was null and void, but that appellant was entitled to recover for use by appellee of portions of the premises "to house certain fixtures"; and fixed the amount of the recovery on a basis of the cubic content of the fixtures at a storage rate of 2½ cents per cubic foot per month.

Appellant's only point here is that the trial court should have used the rental value of the premises occupied as the measure of damages instead of using cubic content at storage company rates.

On the record before us no error is shown. Apparently appellant agreed to erect a building which appellee agreed to rent and before the building was completed some of the fixtures which appellee intended to use in its business were placed in the building. However, we do not know what the rental agreement between the parties

was or on what grounds the Virgina court cancelled it. Neither do we know what the relationship between the parties was when the fixtures were placed in the building or what the understanding between the parties was when this was done.

The trial court did not find, as appellant contends, that "appellee occupied" the premises. It merely found that appellee used portions of the premises to house certain fixtures. On the record presented to us, we cannot say that the trial court adopted an erroneous measure of damages for such use.

Affirmed.